No. 25-5361

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PENGUIN RANDOM HOUSE LLC, *et al.*,

*Plaintiffs-Appellants*,

v.

RAÚL LABRADOR, in his official capacity as Attorney General for the State of Idaho, *et al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of Idaho
Case No. 1:25-cv-00061-AKB

## MOTION TO DISMISS APPEAL

| | |
|---|---|
| RAÚL R. LABRADOR<br>ATTORNEY GENERAL | ALAN M. HURST<br>Solicitor General |
| OFFICE OF THE IDAHO ATTORNEY GENERAL<br>700 W. Jefferson St.<br>Suite 210<br>Boise, ID 83720<br>(208) 334-2400<br>alan.hurst@ag.idaho.gov | MICHAEL A. ZARIAN<br>Deputy Solicitor General<br><br>AARON M. GREEN<br>Deputy Attorney General |

*Counsel for Appellee Raúl Labrador*

## INTRODUCTION

An order staying proceedings is not an appealable interlocutory order unless it has the "practical effect of refusing an injunction," poses "serious, perhaps irreparable consequences," and the "order can only be 'effectually challenged' by immediate appeal." *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981).

Appellants are appealing an order staying this case in district court pending this Court's decision in *Northwest Association of Independent Schools v. Labrador*. *See* Dkt. 3.1 at 16–27. This is not an appealable order, even though their motion for a preliminary injunction has been left pending while the *Northwest* case is decided, because the stay order does nothing more than regulate the progress of litigation before the district court and does not adjudicate the merits of the preliminary injunction motion. Appellants fail the remaining prongs because their delay in filing suit and the record below do not show "serious, perhaps irreparable harm" nor can the purported denial of injunctive relief only be effectively challenged now. As a result, this appeal is premature, the Court lacks jurisdiction, and this appeal must be dismissed. Appellee accordingly moves for dismissal pursuant to F.R.A.P. 27.

Appellants indicated in their reply in support of their motion to expedite that they would oppose this motion. Dkt. 12.1 at 3 n.2.[1]

---

[1] Appellees respectfully note that pursuant to Circuit Rule 27-11(a)(1), this motion stays the record preparation and briefing schedule pending this Court's disposition of the motion, and Appellees will proceed accordingly unless directed otherwise by the Court.

1

## BACKGROUND

This is the second of two cases challenging Idaho's 50-year-old law prohibiting the distribution of obscene material to minors. Idaho amended the law in 2024, adding a civil enforcement provision applicable to schools and public libraries, both of which have been exempt from the criminal prohibition since the statute was adopted.

The first case challenging this change, filed in late July 2024, concerned private schools and a private school association, private libraries, private library employees, and a private library association, as well as students and parents. *See generally Nw. Assoc. of Independent Schs. v. Labrador*, 776 F. Supp. 3d 837, 850–51 (D. Idaho 2025) (reciting procedural history). Plaintiffs in that case moved for a preliminary injunction on the grounds of First Amendment overbreadth and Fourteenth Amendment vagueness in the statute. The district court denied the *Northwest* plaintiffs' motion for preliminary injunction in March 2025 on the basis that the statutes at issue incorporated the Supreme Court's articulation of obscenity announced in *Miller v. California*, 413 U.S. 15 (1973), and that therefore the statute regulated material that fell beyond the protections of the First Amendment as applied to minors. *Northwest*, 776 F. Supp. 3d at 861–66.

This case was filed in February 2025. As in *Northwest*, Plaintiffs' claims hinged on their argument that the law did not faithfully incorporate the *Miller* test, *see e.g.* D. Ct. Dkt. 1 at 4-7, 14, 15, 23–24, 28–29, 32–34. They made essentially the same arguments as the Plaintiffs in *Northwest*, i.e., that the law failed to differentiate between minors of different ages (*compare id.* at 28–29 *with Northwest*, 776 F. Supp. 3d at 863), the use of the

2

phrase "homosexuality" to describe same-sex sexual activity discriminated on the basis of viewpoint (*compare* D. Ct. Dkt. 1 at 33 *with Northwest*, 776 F. Supp. 3d at 863–64), and the savings clause for serious value failed for lack of a line-break (*compare* D. Ct. Dkt. 1 at 32–33 *with Northwest*, 776 F. Supp. 3d at 864–65). For every claim in the Complaint below, there's a mirror, or near-mirror, claim in *Northwest*.[2]

After the plaintiffs in *Northwest* appealed, the district court asked the parties in this case to show cause why the court should not stay the case pending this Court's guidance in *Northwest*. Specifically, the district court noted that, as in *Northwest*, this case involved "claims that H.B. 710 violates their rights under the First and Fourteenth Amendments." D. Ct. Dkt. 57 at 2. In response, the Defendants (with the exception of Eagle Public Library, which expressed a desire for the district court to dismiss them on standing grounds expeditiously), stated they did not oppose the stay. D. Ct. Dkt. 58, 59, 60, 61; *but see* D. Ct. Dkt. 63 (Eagle opposing).

---

[2] The sole exception to this mirror-imaging of legal claims is an equal protection claim brought by Appellants that was not argued in Appellants' motion for preliminary injunction and was undefended by Appellants when the Attorney General moved to dismiss the case below.

To the extent that Appellants use the private right of action to argue their case is distinguishable, this fails because the private right of action is challenged based on the same constitutional arguments as the challenge to the injunctive authority of the Attorney General and county prosecutors. *See e.g.*, D. Ct. Dkt. 1 at ¶ 175 (vagueness concerns the same terms whether public or private enforcement at issue); D. Ct. Dkt. 49 at 25 (noting that the point of including a John/Jane Doe Defendant is to keep private citizens from challenging material not obscene under *Miller*).

By contrast, Appellants opposed the stay. They argued the case was distinguishable from *Northwest* because of their "concrete" examples of book removals, the existence of other defenses to this action, and the inclusion of a John/Jane Doe Defendant to serve as a scapegoat to which Appellants can attach an injunction concerning the private right of action contained in Idaho Code Section 18-1517B.

The district court disagreed, staying the case in an order on July 22, 2025. The court noted that "[a] trial court may stay proceedings when it promotes the efficient resolution of litigation when 'independent proceedings . . . bear upon the case.'" Dkt. 3.1 at 22 (quoting *Leyva v. Certified Grocers of Calif., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). It concluded that Appellants' First Amendment and vagueness claims were analogous to those in *Northwest,* and thus an appellate decision on *Miller*'s incorporation by H.B. 710 would be useful in addressing the merits. *Id.* at 7–8 ("This common *Miller* question between *Northwest* and the instant case therefore justifies a stay."). The court found that Appellants' acknowledgements that a decision in this case could be heard alongside *Northwest* in this Court, "implicitly acknowledges both the instant case and *Northwest* share a common legal question: whether the text of H.B. 710 complies with *Miller*." *Id.* at 8.

As for the unique problems with Appellants' standing in this case and other legal arguments that defeat their claims, the court found that those arguments do "not overcome the centrality of the *Miller* question raised in both cases." *Id.* at 9. The same was true for any relief against a John/Jane Doe Defendant. *Id.; see also id.* at 9 n.2

4

(discussing reasons why an injunctive remedy may be *per se* unavailable against an unknown and unnamed defendant regardless of the underlying claim).

The court then turned to the other factors, first noting the Appellants delayed over seven months after H.B. 710 went into effect to bring the action, deeply undercutting claims of irreparable harm. *Id.* at 11. Last, the court noted that its stay is not indefinite, being expressly tied to the *Northwest* appeal. Briefing (at the time) was proceeding apace and has since been completed in the *Northwest* case. *Id.* at 11–12. Oral argument in *Northwest* is scheduled for November 3, 2025. The parties have been asked to notify the district court of a decision in *Northwest* within seven days. Dkt. 3.1 at 27.

Appellants waited the full 30 days to appeal the district court's stay order on August 22, 2025. D. Ct. Dkt. 65. This motion follows.

## LEGAL STANDARD

"The court of appeals is a court of limited jurisdiction, and its jurisdiction is expressly provided for by statute." *United States v. Al-Nouri*, 983 F.3d 1096, 1098 (9th Cir. 2020) (citation omitted). This Court "must presume 'that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). This Court has jurisdiction over appeals from "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions . . . ." 28 U.S.C. § 1292(a)(1).

5

Appellants argue the stay order in this case is a "de facto" denial of the injunction. Dkt. 3.1 at 3.[3] Appellants are incorrect.

"Because § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule" the statute is construed narrowly. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981).

"For an interlocutory order to be immediately appealable under § 1292(a)(1) . . . a litigant must show more than that the order has the practical effect of refusing an injunction." *Carson*, 450 U.S. at 84. Appellants must also show that the order "might have a 'serious, perhaps irreparable, consequence,'" and Appellants must finally show that the order "can be 'effectually challenged' only by immediate appeal." *Id.*; *accord National TPS All. v. Noem*, 2025 WL 2487771 at *7 (9th Cir. Aug. 29, 2025) (reciting three-part test).

## ARGUMENT

Appellants lack a right of appeal from the stay order because an order staying proceedings is not an enumerated appealable interlocutory order under 28 U.S.C. § 1292(a). Nor is the stay order the equivalent of an appealable interlocutory order under the *Carson* test. Appellants' use of the stay order fails all three prongs of the *Carson*

---

[3] Appellants have now suggested that there are other bases for appellate jurisdiction in their reply in support of their motion to expedite briefing, but don't ever say what those are. *See* Dkt. 12.1 at 3 n.2. None are apparent to the Attorney General, but to the extent others are raised in Appellants' response, they will be considered on reply.

6

test: 1) the order does not have the practical effect of refusing an injunction; 2) the order does not have serious, perhaps irreparable, consequences; 3) and the order, if construed as the denial of an injunction, can be challenged apart from the instant appeal. Because the stay does not fall within Section 1292(a)(1)'s limited exception to the final judgment rule, this Court lacks jurisdiction.

### A. The stay order does not, practically, refuse an injunction.

Because the stay order does not, practically, refuse an injunction, it fails the *Carson* test at step one. "An order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988) (citations omitted).

The circuits that have squarely considered the issue have found that interlocutory stays of proceedings when a preliminary injunction has been filed, or other interlocutory orders which merely regulate the progress of litigation, do not *per se* have the effect of refusing relief. The most analogous example of this comes from *Defense Distributed v. Attorney General of New Jersey*, 972 F.3d 193 (3d Cir. 2020). In that case, the Third Circuit considered whether a stay entered after a motion for preliminary injunction had been filed, but not decided, constituted an interlocutory order denying injunctive relief such that it was appealable under 28 U.S.C. 1292(a)(1). *Id.* at 197–98.

The Third Circuit rejected appellant's argument that the stay was, practically, one refusing an injunction under step one of *Carson*, reciting a previous holding that "an

7

order staying an action for equitable relief does not fall under section 1292(a)(1), even though it postpones resolution of an action seeking injunctive relief," and did not hesitate to apply this holding to the preliminary injunction context. *Id.* at 198 (quoting *Cohen v. Bd. of Trs. of Univ. of Med. and Dentistry of N.J.*, 867 F.2d 1455, 1464 (3d Cir. 1989) (en banc)). In *Defense Distributed*, the district court stayed the action because of related proceedings in the Western District of Texas, and the circuit court affirmed this rationale, citing the well-travelled principle that a "'stay by the district court of its own action pending conclusion of a proceeding' before another tribunal is 'only a regulation of the course of the action itself.'" *Id.* at 199 (quoting *Cotler v. Inter-Cnty. Orthopaedic Assoc., P.A.*, 526 F.2d 537, 540–41 (3d Cir. 1975) (collecting cases)). "Thus, pursuant to the well-established rule that stays are not practical denials of an injunction, the District Court's order staying the case pending the Texas action is not a practical denial of Plaintiffs' request for a preliminary injunction." *Id.*

The Third Circuit separately concluded the district court's separate order "dismissing" the motion for preliminary injunction by removing it from its docket was also not a constructive denial. This administrative removal, which did not pass on the merits, "clearly conveyed that its order was not the final word on the request" and was not tantamount to refusal. *Id.*

An unpublished Fifth Circuit decision in *June Medical Servs., L.L.C. v. Phillips*, applied a similar rule. 2022 WL 4360593 at *2 (5th Cir. Sept. 28, 2022) (unpub.). In *June Medical*, following the *Dobbs v. Jackson Women's Health Organization* decision overturning

8

prior precedent on abortion, the State of Louisiana filed an emergency Rule 60(b) motion to dissolve a permanent injunction enjoining an abortion regulation. The district court *expressly* denied the expedited motion, but stated it would take up the issue on an ordinary timetable. *Id.* at *1. The State filed a motion for reconsideration which was also denied, and then appealed both denials.

The Fifth Circuit rejected the State's arguments that the denials expressly denied relief, rather than postponing consideration for another day. *Id.* at *1 (citing *Gulfstream*, 485 U.S. at 279). The court distinguished between orders that dispose of claims on their merits and those that "relate only to pretrial procedures." *Id.* (quoting *Shanks v. City of Dallas*, 752 F.2d 1092, 1095 (5th Cir. 1985)). The Fifth Circuit also rejected the State's arguments that the denials were appealable "because the district court's orders have the 'practical effect' of refusing to dissolve an injunction, which continues to cause irreparable harm that can only be effectively challenged by immediate appeal." *Id.* at *2. The district court's order did not "have a 'direct impact on the merits of the controversy'" and "acted as the functional equivalent of a scheduling order." *Id.* (quoting *Shanks*, 752 F.2d at 1095 and citing *Switzerland Cheese Assoc., Inc. v. E. Horne's Market, Inc.*, 385 U.S. 23, 25 (1966)).

While this Court has not expressly considered prong one of *Carson* when a court stays a case after preliminary injunction briefing, its treatment of interlocutory orders is consistent with cases above. This Court considered the first prong of the *Carson* test in *Federal Land Bank of Spokane v. L.R. Ranch Co.*, 926 F.2d 859, 864 (9th Cir. 1991). There,

9

the district court denied a stay of foreclosure proceedings, and the borrowers appealed. This Court, considering whether the order qualified as an order denying an injunction under Section 1292(a)(1), found that the circumstances of "orders that grant or deny injunctions and orders that have the practical effect of granting or denying injunctions and have 'serious, perhaps irreparable, consequence'" were "not met in this case." *Id.* To the contrary, the Court first found that it was "questionable whether the order denying the stay can properly be considered to be an order" denying an injunction because "the requested stay addresses only the progress of the litigation before the court" and found it similarly failed the other two prongs. *Id.* (citing *Carson* test reiterated in *Gulfstream*, 485 U.S. at 287-88). Accordingly, the Court found the order denying a stay was not appealable.

Here, the district court did not address the merits of Appellants' arguments as to either their First or Fourteenth Amendment claims. *See generally* Dkt. 3.1 at 16–27; *see also June Medical*, 2022 WL 4360593 at *2 (citing *Shanks*, 752 F.2d at 1095). The district court noted that the same issues exist in both this case and *Northwest*, that this Court would provide helpful guidance by deciding the issues in *Northwest*, and that the distinctive defenses and standing deficiencies in this case did not justify moving forward anyways. Dkt. 3.1 at 22-25. It determined that Appellants' claims of irreparable harm that would otherwise counsel against staying the case lacked persuasive value in light of Appellants' seven-month delay in bringing this case in the first place. *Id.* at 26.

Thus, the district court's stay order serves the traffic-light function that distinguishes it from a practical denial of an injunction. The order merely "addresses the progress of the litigation before the court" and "postpones" adjudication of the pending motion. *Federal Land Bank*, 926 F.2d at 864; *Def. Distributed*, 972 F.3d at 198–99; *see also June Medical*, 2022 WL 4360593 at *2 ("The district court's orders cannot be read to have denied the underlying request for relief when the district court implicitly and explicitly stated its intent to defer a ruling on the matter."). This was appropriate when a prior-filed, "related, though not identical" case was pending in this Court. *Def. Distributed*, 972 F.3d at 199; *see also cf. Leyva*, 593 F.2d at 863. The district court did not conclusively determine the merits of Appellants' motion for preliminary injunction. Because step one of *Carson* has not been met, the Court can dismiss the appeal.

**B. The stay does not work a "serious, perhaps irreparable" consequence.**

The district court considered the harms attendant in issuing a stay in its consideration of the *Landis* factors for a stay. Dkt. 3.1 at 25–27 (citing *Landis v. N. American Co.*, 299 U.S. 248 (1936)). Even if this Court views the stay as effectively refusing a preliminary injunction, Appellants' own statements below militate against a finding of any harm, let alone "serious, perhaps irreparable consequences," despite pointing (Dkt. 3.1 at 12–13) to purported constitutional harms under the First Amendment. *Carson*, 450 U.S. at 84.

Appellants brought this suit seven months after H.B. 710 went into effect, suing in February 2025 to enjoin laws that had been in place since July 1, 2024. As this Court

11

has consistently held, a delay in seeking injunctive relief, even by months, will weigh against a finding of irreparable harm. *See Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (citations omitted); *Garcia v. Google, Inc.,* 786 F.3d 733, 736 (9th Cir. 2015) (delay of mere months will suffice to show the lack of need for speedy adjudication) (citing *Oakland Trib., Inc. v. Chronicle Publ'g Co.,* 762 F.2d 1374, 1377 (9th Cir. 1985)). If Appellants can wait for months to bring their action in the first place, decline to seek expedited proceedings before the district court, and then wait the full 30 days to appeal from a stay order, then there is no reason their request for a preliminary injunction can't wait until *Northwest* is decided.

As the district court noted, the stay at issue is not one of indefinite length—it is intended to last only so long as it takes for this Court to issue an opinion in *Northwest*. Dkt. 3.1 at 26–27. Rather than a run-of-the-mill appeal, that case is being expedited and heard as an appeal from a preliminary injunction, limiting the duration of the stay.

Even taking Appellants' previewed, Dkt. 12.1 at 4 n.5, argument by the horns, they come up far short of a showing of harm in their declarations below. These declarations don't give *any* examples of books that cannot be checked out—only indicating that they are available with parents' permission. To summarize the points made below, the declarations and allegations are altogether conclusory, don't describe a constitutional harm to the declarant, or are brought by a party without standing. *See* D. Ct. Dkt. 41 at 17-19.

12

More troubling, the Author Appellants' declarations have in some cases been *copied verbatim* (or in other instances nearly copied) from other litigation in other states about other laws, and nothing suggests these authors have actual knowledge of book removals in Idaho. D. Ct. Dkt. 41 at 18–19. The other declarations are similarly deficient—whatever Appellants want to say about self-censorship on appeal, the examples they provide below are (at *best*) just examples of moving books around but keeping them in circulation. *Id.* Given that H.B. 710 doesn't even hint that books should be taken out of circulation, this lack of concrete examples is unsurprising. *See generally* Idaho Code § 18-1517B. As far as the law is concerned, everyone in Idaho can check out any book from any library that they would have been able to in the absence of H.B. 710. The only difference is that some minors need a parent's permission to access some books.

Between Appellants' delay in seeking relief in the first place and the self-contained limitations on the stay pending a decision in *Northwest*, the stay is inconsequential and will not result in "serious, likely irreparable, harm."

### C. The order, if construed as a refusal of an injunction, can be effectively challenged apart from this appeal.

Even if the Court views the stay order as a refusal of an injunction, it can nonetheless be reviewed and challenged later. That is because, as in *Defense Distributed*, the order is not permanent—it has a set condition for expiration, the conclusion of the preliminary injunction appeal in *Northwest*, expedited under Circuit Rule 3-3. 972 F.3d

13

at 202. Once the stay expires, upon issuance of a decision in *Northwest*, the district court has stated its intention to consider the merits of the preliminary injunction request. Dkt. 3.1 at 26–27. Once reviewed and disposed of, one way or another, the district court's subsequent determination will be reviewable *per se* under Section 1292(a)(1). *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 379 (1987) (holding that limits on plaintiff-in-intervention's participation were reviewable post-trial and therefore could be effectively reviewed apart from an interlocutory appeal).

Consequently, this Court will later have the opportunity to address the merits of Appellants' claims. Doing so with the benefit of a decision *on those merits*, is the appropriate (and more helpful) posture on which to consider those questions. *See Def. Distributed*, 972 F.3d at 202 ("[D]ismissal of this appeal would not preclude an effective appeal if one is considered necessary at a later date: the issues regarding appellant's ... claim will not be obscured, and perhaps will be better illuminated, by the passage of time." (quoting in parenthetical *Metex Corp. v. ACS Indus., Inc.*, 748 F.2d 150, 154 (3d Cir. 1984))). Appellants can, following an actual decision on their preliminary injunction motion, take an appeal at that time.

\* \* \*

Appellants do not appeal an order expressly refusing an injunction, and Appellants fail on every prong of the *Carson* factors. Accordingly, this Court lacks jurisdiction. *See* 28 U.S.C. § 1292(a)(1).

14

## CONCLUSION

The Court should grant this motion and dismiss this appeal.

Dated: September 12, 2025

Respectfully submitted,

RAÚL R. LABRADOR
ATTORNEY GENERAL

/s/ *Aaron M. Green*
ALAN M. HURST
SOLICITOR GENERAL

MICHAEL A. ZARIAN
DEPUTY SOLICITOR GENERAL

AARON M. GREEN
DEPUTY ATTORNEY GENERAL

*Counsel for Appellee Raúl Labrador*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Motion to Dismiss Appeal complies with the limitation of Circuit Rules 32-3 and 27-1 because it contains 3,832 words. This Response in Opposition to Motion complies with the typeface and the type style requirements of Fed. R. App. P. 27 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Garamond typeface.

/s/ *Aaron M. Green*
Aaron M. Green

## CERTIFICATE OF SERVICE

I certify that on September 12, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the ACMS system, which will accomplish service on counsel for all parties through the Court's electronic filing system.

/s/ *Aaron M. Green*
Aaron M. Green